FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 08 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――x

SHANELLE HAYNES,

                  Plaintiff,

-against-

CAPITAL ONE BANK,

                  Defendant.
―――――――――――――――――――――――x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
14-CV-6551 (CBA)

**AMON, Chief United States District Judge:**

Plaintiff Shanelle Haynes, proceeding pro se, brings the instant action against defendant Capital One Bank pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Haynes' request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, the complaint is dismissed and Haynes is granted leave to file an amended complaint within thirty (30) days of the date of this Order.

## BACKGROUND

According to her complaint, Haynes was employed as a bank teller at Capital One Bank until December 2013. (Compl. at 6.) She alleges that between October 2013 and December 2013, Capital One Bank discriminated and retaliated against her on the basis of her race. (Id. at 3.) Her complaint, however, does not specify her race. (Id.)

With respect to the alleged discrimination and retaliation, Haynes states in her complaint that in October 2013, she was falsely accused of stealing money from her cash box. (Id. at 6.) Specifically, she alleges that at the end of her workday one Saturday, her cash box contained an accurate amount of money, but that when she returned to work on Monday, her cash box was short by $710. (Id.) She maintains that her cash box was accurate when it was locked away at

1

the end of the day on Saturday. (Id.) She alleges that her supervisors failed to conduct a thorough investigation as to what happened to her cash box, and instead wrongfully accused her of stealing the money. (Id.) Then, on November 4, 2013, Haynes overheard her branch manager discussing the incident, at which time she allegedly stated "this is why I don't hire her kind." (Id.) Haynes alleges that she "took immediate action and contacted the HR department," and was subsequently terminated one month later on December 3, 2013. (Id.) Haynes filed a charge with the Equal Employment Opportunity Commission ("EEOC") in January 2014, and was issued a Right to Sue letter on August 15, 2014, which is attached to her complaint. (Id. at 4-5, 7.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). All allegations contained in the complaint are assumed to be true, but this tenet is "inapplicable to legal conclusions." Id.

Although pro se complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). Nonetheless, the Court

is required to dismiss a complaint filed in forma pauperis, if it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Leave to amend must be granted if a liberal reading of the pleading "gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citations omitted).

## DISCUSSION

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). "[A]n employment discrimination plaintiff need not plead a prima facie case of discrimination." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002);[1] see also Rodriguez v. Verizon Telecom, No. 13-CV-6969(PKC)(DCF), 2014 WL 6807834, at *3 (S.D.N.Y. Dec. 3, 2014) ("At the pleading stage, however, a plaintiff alleging discrimination or retaliation is not required to plead a prima facie case." (citing Swierkiewicz, 534 U.S. at 510-11)). Rather, a discrimination complaint "must at a minimum assert nonconclusory factual matter sufficient to 'nudge[] [its] claims . . . across the line from conceivable to plausible' to proceed." EEOC v.

---

[1] To the extent there was previously an open question in this Circuit as to whether Swierkiewicz was still good law in light of Twombly and Iqbal, the Second Circuit recently "recognize[d] that Swierkiewicz has continuing viability, as modified by Twombly and Iqbal," and confirmed that "a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss." EEOC v. Port Auth. of New York and New Jersey, 768 F.3d 247, 254 (2d Cir. 2014).

3

Port Auth. of New York and New Jersey, 768 F.3d 247, 254 (2d Cir. 2014) (quoting Iqbal, 556 U.S. at 680)).

In determining if an employment discrimination claim is plausible, however, courts in this Circuit often use the elements of a prima facie case of discrimination as "an outline." Henvill v. Metropolitan Transp. Auth., No. 13-CV-7501(GBD), 2014 WL 5375115, at *1 (S.D.N.Y. Oct. 10, 2014) (quoting Kassman v. KPMG LLP, 925 F. Supp. 2d 453, 461 (S.D.N.Y. 2013)); see also Maldonado v. George Weston Bakeries, 441 F. App'x 808, 808-09 (2d Cir. 2011) (stating that although plaintiff is not required to plead a prima facie case of discrimination, "dismissal is nevertheless appropriate where the plaintiff 'failed to allege even the basic elements of a discriminatory action claim'" (quoting Patane v. Clark, 508 F.3d 106, 112 n.3 (2d Cir. 2007)). In order to establish a claim for race discrimination, a plaintiff must show that: (1) she "belonged to a protected class"; (2) she "was qualified for the position [s]he held"; (3) she "suffered an adverse employment action"; and (4) "that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." Brown v. City of Syracuse, 673 F.3d 141, 150 (2d Cir. 2012) (internal quotation marks and citation omitted). In order to establish a claim for retaliation, a plaintiff must show that "(1) she engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C., 716 F.3d 10, 14 (2d Cir. 2013) (internal quotation marks and citation omitted).

Here, Haynes has failed to allege the basic elements of her discrimination and retaliation claims. As an initial matter, although Haynes indicates that she was discriminated against on the

4

basis of her race, she does not state what race she is. Further, aside from one ambiguous remark made by her branch manager, in which she stated that "this is why I don't hire her kind," Haynes fails to allege any facts that suggest her termination or any other adverse employment actions were connected to her race. Moreover, to the extent Haynes attempts to allege that she was terminated because she complained to Human Resources about her branch manager's comment, she does not allege facts sufficient to state a plausible claim for retaliation. In particular, Haynes fails to allege that she engaged in a protected activity and that her employer was aware of that activity. Although she alleges that she "took immediate action and contacted the HR department," and that she "filed a case," (Compl. at 6), the complaint contains no description of what she told Human Resources. See Chan v. Donahoe, No. 13-CV-2599(JBW), 2014 WL 6844943, at *20 (E.D.N.Y. Dec. 4, 2014) ("The term 'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination." (quoting Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000))); see also Kelly, 716 F.3d at 15 ("[I]mplicit in the requirement that the employer have been aware of the protected activity is the requirement that it understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by Title VII." (internal quotation marks and citation omitted)). Accordingly, the complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the reasons set forth above, Haynes' complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). In light of plaintiff's pro se status, however, she is granted thirty (30) days from the date of this Order to file an amended complaint that addresses the deficiencies noted

5

above. An amended complaint must include a short, plain statement of facts sufficient to support a plausible claim that her employer discriminated against her because of her race, or retaliated against her because of her participation in a protected activity. If Haynes elects to file an amended complaint, it must be captioned "Amended Complaint," and bear the docket number 14-CV-6551. She is further advised that the amended complaint will completely replace the original complaint and therefore must contain all of her allegations. If available, plaintiff should attach a copy of the charge of discrimination she filed with the EEOC. The Clerk of Court is directed to forward an employment discrimination form complaint to plaintiff with this Order.

If Haynes fails to file an amended complaint within thirty days, the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 8, 2015
      Brooklyn, New York

/S/ Chief Judge Carol Bagley Amon
_____
Carol Bagley Amon
Chief United States District Judge